UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DEJESUS, | No. 1:21-cv-00520-DAD-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO STAY THIS ACTION |
| COUNTY OF MARIPOSA, | (Doc. No. 8) |
| Defendant. | |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, to stay this action pending the resolution of ongoing state proceedings under the *Younger* abstention doctrine. (Doc. No. 8.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 9.) For the reasons set forth below, the court will grant defendant's motion to stay this action pending resolution of ongoing state proceedings without reaching defendant's motion to dismiss.[1]

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation has now been partially addressed by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021. Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. Unfortunately, that situation

1

**BACKGROUND**

On March 29, 2021, plaintiff Mario DeJesus filed this action against defendant County of Mariposa, asserting eight causes of action, including: (i) discrimination, harassment, and retaliation claims under California's Fair Employment Housing Act ("FEHA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); (ii) whistleblower retaliation under California Labor Code § 1102.5; and (iii) wrongful termination in violation of public policy. (Doc. No. 1.)

In his complaint, plaintiff alleges the following. Plaintiff is a 53-year-old Asian man who became employed as an Eligibility Specialist for defendant Mariposa County on October 3, 2017. (*Id.* at ¶¶ 2, 4.) Beginning in October 2017, plaintiff "often" went to lunch with his coworkers, either individually or in a group, including a lunch with a female coworker for plaintiff's birthday in October 2017 and a lunch with a prospective female employee as part of her hiring interview panel. (*Id.* at ¶¶ 5–6.) On May 1, 2019, plaintiff met with Joe Lynch, the Health and Human Services Agency Assistant Director. (*Id.* at ¶ 7.) Mr. Lynch told plaintiff that he needed to stop going on breaks or lunches with young female coworkers and that plaintiff would not want to be known as the person who "keeps going on breaks or lunches with young girls." (*Id.*) Mr. Lynch expressed that there was at that time no cause for imposing discipline against plaintiff and that plaintiff would not be disciplined so long as there were no "future behaviors" moving forward. (*Id.*) Although Mr. Lynch informed plaintiff that a few people in the workplace knew that their conversation was taking place, he instructed plaintiff to not mention their conversation to anyone else. (*Id.* at ¶ 9.) Mr. Lynch stated that plaintiff would be terminated if plaintiff discussed their conversation with others. (*Id.*)

Immediately following plaintiff's meeting with Mr. Lynch, plaintiff told his supervisor about his meeting with Mr. Lynch. (*Id.* at ¶ 10.) Plaintiff expressed concerns that Lynch's comments were discriminatory and harassing, and stated that Lynch had threatened retaliation

---

sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

against him. (*Id.* at ¶ 10.) Plaintiff's supervisor shared plaintiff's comments with Mr. Lynch and a human resources director, despite plaintiff expressly requesting that she keep their conversation private. (*Id.* at ¶¶ 10–11.)

On May 2, 2019, plaintiff reported his conversation with Mr. Lynch to Director of Human Resources Kimberly Williams, alleging that Mr. Lynch's actions were discriminatory, harassing, and threatening. (*Id.* at ¶ 12.) On May 16, 2019, Ms. Williams notified plaintiff that defendant would investigate both Mr. Lynch and plaintiff as a follow-up to plaintiff's conversation with Mr. Lynch. (*Id.* at ¶ 13.)

In early July 2019, plaintiff helped one of his coworkers report and file a discrimination charge against a supervisor. (*Id.* at ¶ 14.) Plaintiff's supervisor and other managers were aware of his actions. (*Id.*) A few days later, plaintiff was informed that he was being placed on paid administrative leave and given a report regarding an investigation into his conduct. (*Id.* at ¶ 15.)

On July 14, 2019, plaintiff filed a charge with both the federal Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), alleging that he had been retaliated against by Mr. Lynch on the basis of his age, gender, and race following their May 2019 conversation ("July 14, 2019 charge"). (*Id.* at ¶ 18.)

On October 10, 2019, plaintiff filed a second charge with the EEOC and DFEH, alleging that defendant retaliated against him for assisting his coworker with the filing of a discrimination charge against her supervisor ("October 10, 2019 charge"). (*Id.* at ¶ 20.)

Defendant terminated plaintiff's employment on November 30, 2019, ostensibly due to allegations that he had sexually harassed certain female employees and, according to plaintiff, he was replaced by a "less qualified, younger, Caucasian female." (*Id.* at ¶¶ 19, 24.) Plaintiff also contrasts his disciplinary treatment at work to that of a female coworker who twice showed a fellow employee pictures of a naked man, but received only a written reprimand without other discipline being imposed for her actions. (*Id.* at ¶ 17.)

As a result of his termination, plaintiff filed a third charge with the EEOC and DFEH on May 6, 2020, alleging that defendant had terminated him based on his age, gender, and race

3

1 ("May 6, 2020 charge"). (*Id.* at ¶ 21.) Plaintiff received a right to sue letter from the EEOC as to his third EEOC charge on January 5, 2021. (*Id.* at ¶ 22.)

Plaintiff filed his complaint in this court on March 29, 2021. (Doc. No. 1.) Shortly thereafter, on April 6, 2021, plaintiff filed a verified petition for the issuance of a writ of mandate and an award of damages in the Sacramento County Superior Court, seeking to vacate his termination and his reinstatement to his position as an eligibility supervisor for Mariposa County. (*See* Doc. No. 8-2 at 18, 29.) On June 4, 2021, defendant filed the pending motion to dismiss plaintiff's complaint, or in the alternative, to stay these proceedings until the resolution of the ongoing action that plaintiff had filed in state court. (Doc. No. 8.) On June 18, 2021, plaintiff filed his opposition to the pending motion to dismiss but joined in defendant's request to stay these proceedings. (Doc. No. 10.) On June 29, 2021, defendant filed its reply. (Doc. No. 14.)

**LEGAL STANDARD**

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). In *Younger*, the Supreme Court held that "absent extraordinary circumstances, a federal court may not interfere with a pending state criminal prosecution." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971)). The Supreme Court has since extended *Younger* abstention to two additional categories of cases identified in its decision in *New Orleans Public Service, Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 367–68 (1989): "'state civil proceedings that are akin to criminal prosecutions, and . . . state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts.'" *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). Together, these three categories of cases are known as the *NOPSI* categories. *Id.* at 1044.

"To warrant *Younger* abstention, a state civil action must fall into one of the *NOPSI* categories, and must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . to raise

constitutional challenges.'" *Id.* (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In addition, the Ninth Circuit has "articulated an implied fourth requirement that (4) the federal court action would 'enjoin the proceeding, or have the practical effect of doing so.'" *Potrero Hills Landfill, Inc.*, 657 F.3d at 882 (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148–49 (9th Cir. 2007)). "For *Younger* to apply, all four requirements must be 'strictly satisfied.'" *Barra v. City of Kerman*, No. 1:08-cv-01909-OWW-GSA, 2009 WL 1706451, at *5 (E.D. Cal. June 9, 2009) (citing *AmerisourceBergen Corp.*, 495 F.3d at 1149).

## ANALYSIS

Defendant argues that plaintiff's complaint must be dismissed in its entirety because each of his eight causes of action are time-barred. (Doc. No. 8 at ¶¶ 2–10.) Defendant also contends that plaintiff's fifth claim, which alleges harassment in violation of the FEHA, fails to state a claim upon which relief may be granted. (*Id.* at ¶ 6.) Finally, defendant argues that if the court does not dismiss plaintiff's entire complaint at this stage, the court should abstain from considering the claims until plaintiff's state court action is decided, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at ¶ 11.)

In his opposition to defendant's motion to dismiss, plaintiff rejects defendant's arguments as to his first through sixth causes of action, but withdraws his seventh and eighth causes of action, conceding that they were not timely filed.[2] (Doc. No. 10 at 5–10.) In addition, plaintiff agrees with defendant that the *Younger* abstention doctrine applies to the instant case, and he requests that this court stay this federal proceeding until after his state court action has been decided. (Doc. No. 10 at 10.) In reply, defendant counters that all of plaintiff's causes of action

---

[2] Indeed, in plaintiff's opposition to defendant's motion to dismiss, he states that he "acknowledges that his complaint was not filed within six months of his tort claim notice being rejected." (Doc. No. 10 at 10.) Accordingly, the court will dismiss plaintiff's seventh and eighth causes of action as barred by the applicable statute of limitations. As for plaintiff's first through sixth causes of action, although the court declines to rule at this time on the motion to dismiss brought by defendant on the ground that plaintiff's claims are time-barred, the undersigned does observe that absent equitable tolling it would appear that at least some of plaintiff's claims are untimely.

5

fall within the scope of his first two EEOC/DFEH charges, and are therefore time-barred. (Doc. No. 14 at 4.) Because the court concludes that *Younger* abstention is appropriate here, the court need not resolve defendant's Rule 12(b)(6) motion to dismiss at this time.[3]

**A.      Whether Plaintiff's State Court Proceeding Falls into One of the *NOPSI* Categories**

Neither defendant nor plaintiff address whether plaintiff's writ petition filed in the Sacramento County Superior Court falls under one of the *NOPSI* categories for purposes of *Younger* abstention. Rather, defendant merely states that the *Younger* doctrine applies to "state administrative proceedings." (Doc. No. 8-1 at 9.) While defendant is correct that *Younger* abstention may apply to state administrative proceedings, the state administrative proceedings in question must nonetheless fit into one of the *NOPSI* categories in order to fall under the purview of the *Younger* doctrine. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627–28 (1986) (applying *Younger* abstention doctrine to state administrative proceeding); *ReadyLink Healthcare, Inc.*, 854 F.3d at 759–60 (holding that *Younger* did not apply to state

---

[3] Both parties have also filed unopposed requests for judicial notice. (Doc. Nos. 8-2, 10-1.) Defendant requests the court to take judicial notice of plaintiff's three discrimination charges filed with the EEOC and DFEH, the EEOC right to sue letters issued to plaintiff, plaintiff's April 6, 2021verified petition for writ of mandate and damages filed in Sacramento County Superior Court, a County of Mariposa damages claim form signed by plaintiff on May 13, 2020, and the County of Mariposa's August 11, 2020 rejection of plaintiff's claim. (Doc. No. 8-2 at 1–2.) Plaintiff requests the court take judicial notice of his three discrimination charges filed with the EEOC and DFEH, right to sue letters issued by the EEOC and DFEH to plaintiff, defendant's August 21, 2019 notice of intent to terminate plaintiff's employment, and defendant's November 8, 2019 final notice of termination of plaintiff's employment. (Doc. No. 10-1 at 2–3.) Employment-related letters sent from defendant to plaintiff are not matters of public record and cannot be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The letters are not incorporated by reference into plaintiff's complaint, and plaintiff may not cure his failure to "properly submit[] [the letters] as part of the complaint" through a declaration in support of his response to defendant's motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, plaintiff's request for judicial notice of the termination letters is denied. Of course, documents that constitute "matters of public record" may be judicially noticed. Fed. R. Evid. 201(b); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citing Fed. R. Evid. 201(b)); *see also Wilson v. City of Fresno*, No. 1:19-cv-01658-DAD-BAM, 2020 WL 5366302, at *5 n.5 (E.D. Cal. Sept. 8, 2020) (taking judicial notice of plaintiffs' DFEH and EEOC charges, right-to-sue letters, and government damages claim). Accordingly, the court grants defendant's request for judicial notice in its entirety and grants plaintiff's request for judicial notice only as to the charges filed by plaintiff with the DFEH and EEOC and the accompanying DFEH and EEOC right-to-sue letters.

agency review of an insurance dispute between private parties because the administrative proceeding did not fall under of the *NOPSI* categories).

The only *NOPSI* category into which the state proceedings here might fit is the category for state civil proceedings that are akin to criminal prosecutions in "important respects." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (describing a qualifying state administrative proceeding as falling under this category). These actions are "characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act. In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action." *Id.* In addition, "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.* at 79–80.

Plaintiff alleges that defendant initiated an investigation into his workplace conduct, issued an investigative report documenting its findings, placed plaintiff on paid administrative leave, and eventually terminated his employment. (Doc. No. 1 at ¶¶ 13, 15, 19.) Moreover, according to plaintiff's writ petition filed in state court, plaintiff appealed his termination to the State of California Human Resources, an administrative hearing was held in March 2020 before an Administrative Law Judge who upheld plaintiff's termination, and plaintiff then filed a petition for writ of mandate in state court pursuant to California Civil Procedure Code § 1094.5.[4] (Doc.

---

[4] The court treats plaintiff's state court writ petition (initiating state court judicial review of the administrative proceeding) and the underlying administrative proceeding as one unitary proceeding for the purposes of determining whether the state proceeding falls under one of the *NOPSI* categories. Under California Civil Procedure Code § 1094.5, a party may challenge a final administrative action by petitioning for a writ of mandate in state court. It remains an unresolved question whether federal courts must "view the administrative proceeding and the *possibility* for state-court review as one unitary proceeding" if "a state administrative proceeding is final, and state-court judicial review is available but has not been invoked . . .." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1093 (9th Cir. 2008) (emphasis added). Although some district courts (including judges of this court) have answered this question in the affirmative, *see, e.g. Franklin v. City of Kingsburg*, No. 1:18-cv-0824-AWI-SKO, 2020 WL 2793061, at *4 (E.D. Cal. May 29, 2020), the undersigned need not resolve this question here. Rather, it is sufficient that the Ninth Circuit's framing of the issue supports the conclusion that where a state administrative proceeding is final and state-court judicial review has been invoked, the proceedings are to be treated as "one unitary proceeding" for purposes of determining whether the *NOPSI* category requirement has been satisfied. *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1093.

No. 8-2, Exhibit D at ¶¶ 7, 44, 47.) Based on these facts, the court is satisfied that plaintiff's pending proceeding in state court is "akin to a criminal prosecution in important respects" for the purposes of falling under the second *NOPSI* category. *Sprint Commc'ns, Inc.*, 571 U.S. at 79. *See also Choudhry v. Regents of the Univ. of Cal.*, No. 3:16-cv-05281-RS, 2016 WL 6611067, at *3 (N.D. Cal. Nov. 9, 2016) (finding that the state employer's disciplinary proceedings against the plaintiff-employee "[bore] the hallmarks of a quasi-criminal proceeding outlined in *Sprint*"); *Franklin v. City of Kingsburg*, No. 1:18-cv-0824-AWI-SKO, 2020 WL 2793061, at *4 (E.D. Cal. May 29, 2020) (applying *Younger* abstention where municipal employee alleged that he had been discriminated against and challenged his termination through state administrative proceedings); *Dickten Masch Plastics, LLC v. Williams*, 199 F. Supp. 3d 1207, 1224 n.11 (S.D. Iowa 2016) ("State administrative proceedings aimed at identifying and remedying unlawful employment discrimination . . . often qualify for *Younger* abstention.").

**B.     Whether the Additional Factors for *Younger* Abstention are Satisfied**

In its pending motion to dismiss, defendant asserts that the four remaining factors for *Younger* abstention to apply are satisfied here. (Doc. Nos. 8-1 at 10.) Plaintiff agrees with this assertion without further elaboration. (Doc. No. 10 at 10.)

In this regard, defendant first argues that the state court proceedings are ongoing, because plaintiff "is currently litigating a writ petition proceeding to reverse his termination in California State Court." (Doc. No. 8-1 at 10.) The court agrees that "[s]tate court proceedings are 'ongoing' if they are initiated 'before any proceedings of substance on the merits have taken place in the federal court.' Put another way, '[t]he commencement of state proceedings only ceases to require federal abstention after the federal court proceedings have moved beyond an 'embryonic stage.'" *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) (internal citation omitted). Although plaintiff filed his writ petition in state court on April 6, 2021, one week after filing his complaint in this federal action on March 29, 2021, no proceedings of substance on the merits have taken place in this court. (*See* Doc. Nos. 1; 8-2 at Exhibit D.) This order is the first substantive ruling that the court has issued in this case, and thus, the state proceeding is ongoing for purposes of *Younger* abstention. *Monster Beverage Corp. v. Herrera*,

No. 5:13-cv-00786-VAP-OP, 2013 WL 12131740, at *6 (C.D. Cal. Dec. 16, 2013) (finding that the relevant state action was "ongoing" because it was filed before the federal court issued its order on a motion to dismiss); *Loan Payment Admin. LLC v. Hubanks*, No. 5:14-cv-04420-LHK, 2015 WL 3776939 at *6 (N.D. Cal. June 17, 2015) (holding that federal court action had not "progressed beyond an embryonic stage" despite the parties briefing a motion for preliminary injunction, motions to dismiss, and a motion to strike).

Second, defendant argues that the state court writ proceeding implicates the important state interest in overseeing allegations of discrimination and harassment against a public entity employer and determining appropriate disciplinary measures for governmental employees. (Doc. No. 8-1 at 10–11.) "The importance of the [state] interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of the individual's case." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003). Not only does the state have an important interest in addressing employment discrimination allegedly engaged in by a public employer, but the state also has such an interest in disciplining employees for alleged acts of misconduct—both of which are at issue in plaintiff's state court proceedings here. *See Van Fossen v. Sierra Sands Unified Sch. Dist.*, No. 1:05-cv-1167-AWI-LJO, 2006 WL 738717, at *4 (E.D. Cal. Mar. 22, 2006) (finding that state had an important interest in employment policies of public schools and alleged employment discrimination therein); *Potrero Hills Landfill, Inc.*, 657 F.3d at 883–84 (9th Cir. 2011) (noting "states' important interest in enforcing its employment anti-discrimination laws through administrative proceedings") (citing *Ohio Civil Rights Comm'n v Dayton Christian Schs., Inc.*, 477 U.S. 619, 628 (1986)); *Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146, 1149 (E.D. Cal. 1999) ("California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established over officer misconduct."). The second factor is therefore satisfied here.

Third, defendant asserts that plaintiff is not barred from litigating constitutional issues in the state court proceeding. (Doc. No. 8-1 at 11.) Defendant points out that the Ninth Circuit has held that a plaintiff's ability to "petition for a writ of mandate to challenge the administrative

action in state court . . . . suffices for purposes of [the third prong of] *Younger* abstention." (Doc. No. 8-1 at 11) (quoting *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1095). Thus, under Ninth Circuit precedent, plaintiff's state court writ petition provides him an adequate opportunity to raise constitutional claims for the purposes of *Younger* abstention. *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1095; *Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (holding that the "statutory framework [of Cal. Civ. Proc. Code § 1094.5] provides a meaningful opportunity for [plaintiffs] to present [their] constitutional claims for independent judicial review"); *see also Citizens for Free Speech, LLC, v. County of Alameda*, 338 F. Supp. 3d 995, 1003 (N.D. Cal. 2018) ("[I]t is sufficient that 'constitutional claims may be raised in state-court judicial review of the administrative proceeding.'") (quoting *Ohio Civil Rights Comm'n*, 477 U.S. at 629). Accordingly, the third factor for Younger abstention is satisfied.

Finally, defendant argues that the fourth requirement for *Younger* abstention is satisfied here because the federal court action would interfere with and enjoin the state proceeding. (Doc. No. 8-1 at 12.) Defendant notes that plaintiff is seeking damages in this federal action, and in order "[t]o determine whether the federal plaintiff is entitled to damages, the district court often first decides whether a violation of the plaintiff's civil rights has occurred, imposing the same intrusion as a declaratory judgment by the federal court." (*Id.*) (quoting *Herrera v. City of Palmdale*, 918 F.3d 1037, 1048 (9th Cir. 2019)). Consequently, defendant argues that a disposition of this federal action would "be conclusive on the contested issues in the state court proceeding—i.e., whether Plaintiff's termination [was] wrongful." (*Id.*) In this regard, this federal court action is similar to that brought in *Franklin v. City of Kingsburg*, No. 1:18-cv-0824-AWI-SKO, 2020 WL 2793061, at *5 (E.D. Cal. May 29, 2020), where another judge of this court found that if the plaintiff prevailed on his claims for employment discrimination in federal court, "[t]his would have the practical effect of directly undermining the decision of the [public-entity employer] to dismiss him." Accordingly, the court finds that the requirements for *Younger* abstention have been met in this case.

/////

It has been recognized that "[i]f state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger* abstention are met." *Baffert*, 332 F.3d at 621. However here, neither defendant nor plaintiff have suggested that any such circumstances exist in this case. Therefore, the court concludes that *Younger* abstention is appropriate and will stay this action pending resolution of plaintiff's state court proceedings.[5]

**CONCLUSION**

Accordingly:

1. Plaintiff's seventh and eighth causes of action are dismissed with prejudice in light of plaintiff's concession that those causes of action are time-barred;
2. Defendant's motion to stay this action (Doc. No. 8) is granted;
3. The remainder of defendant's motion to dismiss (Doc. No. 8) is administratively terminated, to be reopened when the stay is lifted upon the conclusion of the pending state court proceedings; and
4. The parties are directed to file a joint status report within 14 days of the resolution of the state proceedings and inform this court at that time as to how each party wishes to proceed.

IT IS SO ORDERED.

Dated: **February 8, 2022**

_____
UNITED STATES DISTRICT JUDGE

---

[5] Courts abstaining under *Younger* may dismiss or stay the federal case. *See Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). "However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Id.* at 968.